NO. 07-02-0365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 12, 2002

_____

ROBERT SCHEIDT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY; COUNTY;

NO. 2002-1134-L; HON. JAMES ANDERSON, PRESIDING

_____

*ABATEMENT AND REMAND*

_____

Before QUINN and JOHNSON, J.J., and BOYD, SJ.[1]

Appellant Robert Scheidt has filed a pro se notice of appeal from a criminal misdemeanor conviction in Municipal Court of two traffic violations. He previously filed notices of appeal from his conviction in both the Randall County Court at Law and the Potter County Court at Law, and both of those courts dismissed his appeals for want of

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1)(Vernon Supp. 2002).

jurisdiction. There is only one notice of appeal from those two separate decisions, and appellant appears to be using that one notice to appeal the separate decisions. Thus, we sever those appeals into separate causes of action. Trial cause number 99,705 from the Potter County Court at Law will be assigned appellate cause number 07-02-0364-CR. Trial cause number 2002-1134-L from the Randall County Court at Law will be assigned appellate cause number 07-02-0365-CR.

Next, appellant filed what he labeled an appellate brief along with his notice of appeal. This was done before the appellate record was filed. Moreover, the document fails to comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We therefore strike the brief without prejudice to appellant's right to file another one in accordance with the Rules after the record has been received by this court.

Additionally, as noted, we currently have no record before us. Appellant has alleged that he has had difficulty in obtaining a complete record. If he is a pauper and unable to pay the fees and costs associated with an appeal, he would be entitled to an appellate record free of cost. Accordingly, we abate this appeal and remand the cause to the County Court for Randall County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant is entitled to a free appellate record; and

4. whether any orders are necessary to ensure the timely preparation

and filing of a record.

So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the court shall then file the supplemental records with the clerk of this court on or before October 14, 2002. Should further time be needed by the trial court to perform these tasks, then same must be requested before October 14, 2002.

It is so ordered.

Per Curiam

3